STEPHEN G. YOUNG  
State Bar #4427  
LAW OFFICE OF STEPHEN G. YOUNG  
620 E. Plumb Lane, Ste 210  
Reno, Nevada 89502  
Ph: (775) 885-8700  
Fx: (775) 201-0343  
E-Mail sgylaw@gmail.com  

E-FILED July 1, 2017

Proposed Attorney for Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

In re:

BETRA MFG. CO.

    Debtor.

Case No. BKN-17-50783 BTB  
Chapter -11-

MOTION PURSUANT TO 11 USC SECTIONS 105(a). 363(b) and 507 FOR INTERIM AND FINAL ORDERS AUTHORIZING (I) PAYMENT OF WAGES COMPENSATION AND EMPLOYEE BENEFITS AND CURRENT VENDOR OBLIGATIONS AND  
(II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS

Hearing Date:  TBA  
Hearing Time:  TBA

    BETRA MFG. CO. (Herein, "BETRA"), Chapter 11 Debtor and Debtor in Possession, submits this motion ("Motion") for interim and final orders pursuant to U.S.C. Sections 105(a), 363(b) and 507(a), (1) authorizing payment of wages, compensation and employee benefits, and ordinary course payments to vendors and (2) authorizing and directing financial institutions to honor and process checks. To avoid irreparable harm to BETRA's business operations, relief from operation of BKRP Rule 6003 is requested. Should the Court grant the relief requested, BETRA also requests a waiver of the 14 day rule as permitted by BKRP Rule

-1-

1. 6004(h)

This Motion is supported by the following Points and Authorities, and <u>Declaration of Gino DiSimone</u>, (filed separately) and the papers already on file herein.

Dated this 1st day of July 2017.

/s/ STEPHEN G. YOUNG

Attorney for Debtor

## POINTS AND AUTHORITIES

**Factual Background and Overview of Betra**: (Debtor herein)

1. Debtor is long time and respected Carson City area manufacturing concern founded by Mark and Suzanne Thomas in the 1950s.

2. Debtor is engaged in foundry services and is located at 45 Affonso Lane in the Mound House, Nevada, 89706.

3. Debtor leases its premises from its President, Suzanne Thomas.

4. Debtor has proven itself as a profitable enterprise over many years.

5. On or about 2011 and after Debtor suffered greatly from the misconduct of a general manager who falsified critical test reports of the company's metal production , among other wrongs, and caused substantial damage to its reputation and in a loss of customers.

6.. The Debtor prevailed in its lawsuit against said individual, but only at great financial expense. Counsel believes no monetary damages were awarded the Debtor. Mrs. Suzanne Thomas regained control of the Debtor as a 100 per cent shareholder.

7.. In 2017 company founder Mark Thomas passed away. Mrs. Suzanne Thomas, age 86, was left a widow and the company now has a new General Manager, Mr. Gino DiSimone.

8.. After 2017 the Debtor was forced to incur a number of loans from private lenders while its reputation was being restored.. Debtor does not dispute that said lenders hold presumptively valid UCC-1 liens against company assets.

9. . The Debtor has a long track record of success. However, Debtors principals currently anticipate a 11 USC 363 sale coupled with a sale by Mrs. Thomas of her land and building. In effect "a sale of the company".

10. Interested parties have already appeared

11. As such it critical that Debtor continue operating un-interrupted as a going concern and that is the underlying dynamic for the filing of this case.

**Facts Pertinent to Requested Relief.**

1. Debtor produces sophisticated metal specialty products and as such has a lengthy list of vendors who expect to be paid in a timely fashion.

2. Debtor currently employees approximately sixteen (16) hourly wage individuals and it goes without saying that payroll must be met without interruption.

3. Debtor has opened a "DIP Account" at Heritage Bank, Carson City, NV and no problems with check processing are anticipated. Therefore, the relief requested herein is precautionary.

/////////////

**Jurisdiction**

This Court has jurisdiction in this matter pursuant to 28 USC Sections 157(a) and 1134 Venue is proper pursuant to 28 USC Sections 1408 and 1409. This is a core proceeding pursuant to 28 USC Section 157 (b)(2).

**Legal Standards**: 11 USC 1107(a) states in pertinent part:

> "(a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter."

AND

11 USC 365(b):

> "(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate..."

**Argument:**

Aforementioned standards clearly allow a debtor in possession to operate its business to wit: pay its employees and vendors, including rent. Moreover, retention of this perogative by BETRA is necessary so that the company will continue to be viewed as a going concern by potential purchasers, which is essential to the interest of all parties.

BETRA has good liquidity as of the date of this Motion. (Approx. $115, 000 cash)

The Ninth Circuit Court of Appeals has upheld the notion of necessity of allowing such payments as essential to reorganization. See i.e. American Hardwood, Inc. v Deutsche Bank Credit Corp. (In re American Hardwoods), 885 F.2nd 621, 625 (9th Cir. 1989)

**Relief Requested:**

1. That the Court issue an Interim Order that Debtor may pay all pre-petition wages, compensation, and employee benefits and vendor and supplier obligations; and authorizing and directing financial institutions to honor and process checks and transfers related to such obligations, pending final order ("Final Order")
2. That a hearing be set.
3. For such other Relief as the Court may deem appropriate.

Respectfully submitted this 1st Day of July, 2017.

/s/ Stephen G. Young