1  STEPHEN G. YOUNG                                          E-Filed July 1, 2017
   State Bar #4427
2  LAW OFFICE OF STEPHEN G, YOUNG
   620 E. Plumb Ln., Ste. 210
3  Reno, Nevada 89502
   Ph: (775) 885-8700
4  Fx: (775) 201-0343
   E-Mail: sgylaw@gmail.com
5
   Attorney for Debtor-in-Possession
6

7                    UNITED STATES BANKRUPTCY COURT

8                       FOR THE DISTRICT OF NEVADA

9  In re:                                    Case No. BKN-17-50783 BTB
                                              Chapter -11-
10 BETRA MFG. CO.

11       Debtor.                              **MOTION PURSUANT TO**
                                              **11 U S.C. Sections 105(a) and 363©**
12                                            **FOR INTERIM AND FINAL ORDERS**
                                              **AUTHORIZING DEBTOR'S USE**
13                                            **OF CASH COLLATERAL**

14                                            Hearing Date: TBA
                                              Hearing Time TBA
15 _____/

        COMES NOW, BETRA MFG. CO. (Herein, " Debtor" or "Debtor-in-Possession" ),
16
   by and through proposed counsel Stephen G. Young, Esq. who moves this Court for interim
17
   and final ordes pursuant to 11 U.S.C. 105(a) and 363© and Federal Rules of Bankruptcy
18
   Procedure 4001, 6003(b) and 6004 (1) (herein, ":BKRP") authorizing use of cash collateral for
19
   ordinary course of business costs and expenses and Chapter 11 administrative costs, and (2)
20
   waiving the notice requirements under BKRP Rule 6004(a) , to the extent applicable, and the
   fourteen day stay under BKRP Rule 6004(h).
21
        This Motion is supported by the following Point and Authorities, the <u>Declaration of</u>
22 <u>Gino DiSimone for Interim and Final Orders Authorizing Debtor's Use of Cash Collateral (</u>
   <u>"DiSimone Declaration" ")</u> , and <u>Creditor Documents</u> (attached as Exhibit A) and the
23
   pleadings and papers already on file herein
24
        This Motion does not affirm or validate any lien or encumbrance and sets forth only
   matters of record and Debtor reserves the right to challenge any claim to a security interest.
25
   DATED this 1st Day of July, 2017
26                                            /s/ STEPHEN G. YOUNG
27                                            Proposed Counsel for Debtor

28                                       -1-

## POINTS AND AUTHORITIES

**Factual Background and Overview of Betra**: (Debtor herein)

1. Debtor is long time and respected Carson City area manufacturing concern founded by Mark and Suzanne Thomas in the 1950s.

2. Debtor is engaged in foundry services and is located at 45 Affonso Lane in the Mound House, Nevada, 89706.

3. Debtor leases its premises from its President, Suzanne Thomas.

4. Debtor has proven itself as a profitable enterprise over many years.

5. On or about 2011 and after Debtor suffered greatly from the misconduct of a general manager who falsified critical test reports of the company's metal production, among other wrongs, and caused substantial damage to its reputation and in a loss of customers.

6.. The Debtor prevailed in its lawsuit against said individual, but only at great financial expense. Counsel believes no monetary damages were awarded the Debtor. Mrs. Suzanne Thomas regained control of the Debtor as a 100 per cent shareholder.

7.. In 2017 company founder Mark Thomas passed away. Mrs. Suzanne Thomas, age 86, was left a widow and the company now has a new General Manager, Mr. Gino DiSimone.

8.. After 2017 the Debtor was forced to incur a number of loans from private lenders while its reputation was being restored.. Debtor does not dispute that said lenders hold presumptively valid UCC-1 liens against company assets.

9. . The Debtor has a long track record of success. However, Debtors principals currently anticipate a 11 USC 363 sale coupled with a sale by Mrs. Thomas of her land and building. In effect "a sale of the company".

10. Interested parties have already appeared

11. As such it critical that Debtor continue operating un-interrupted as a going concern and that is the underlying dynamic for the filing of this case,

**Facts Pertinent to Requested Relief**:

1. Counsel has conducted a UCC filing search with the Nevada Secretary State and located several active filings concerning Debtor. Counsel has ordered a report, but the information is not available at present.

2. A filing by creditor FOX CAPITAL GROUP, security agreement, and lending contract is attached hereton as Exhibit A

-1-

3. Debtor will amend Exhibit A when the full report becomes available.

The following is a breakdown of additional facts according to proof at hearing:

1. Suzanne Thomas is a 100% shareholder of BETRA.

2. Ms. Thomas owns 45 Affonso Drive, the company property, appraised value $1,100,000

3. The Affonso Drive property (Land and large building for manufacture) is encumbered by a First Deed of Trust held by Heritage Bank in the amount of approx. $768,000 and possibly more.

4. It is estimated that BETRA manufacturing even as a stand alone entity might be sold for $1,200,000. (Based on current sales 12-mon. of $250,000.)

5. Current secured liens for UCC holders filed against BETRA's assets are estimated as of today at $575,000. (Current cash approx. $115,000)

6. However, leasehold of equipment commitments could affect the sales price of the Debtor. (Approx. $220,000)

**Legal Standards:**

11 USC 105(a) states in pertinent part:

"a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prev an abuse of process'.

11 USC 363(a) defines cash collateral:

"(a) In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the

proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts...'

11 USC 363(c)(2) states in pertinent part

"The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—

(A) each entity that has an interest in such cash collateral consents; or

(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section...

11 USC 363c(3) states:

'"If the hearing under paragraph (2)(B) of this subsection is a preliminary hearing, **the court may authorize such use, sale, or lease only if there is a reasonable likelihood that the trustee will prevail at the final hearing** under subsection (e) of this section. The court shall act promptly on any request for authorization under paragraph (2)(B) of this subsection."

[emphasis ours]"

**Argument and Analysis:**

At the outset, the Debtor requires the use of cash collateral to avoid immediate and irreparable harm to the estate pending a final hearing. At all costs BETRA must be sold as going business. The need to satisfy existing customer orders is pressing.

Debtor has the burden of proof (citation omitted) and must demonstrate it can provide adequate protection of a secured creditors interests. (Citation Omitted)

Debtor contends that facts already cited prove there exists an "equity cushion" that will provide adequate protection to allowed secured claims (i.e. "the UCC filings") , Debtor will produce evidence at hearing that the prospective sale price of BETRA (with land) exceeds all secured claims. See In re Mellor, 734 F.2nd 1396, 1400, (9th Cir. 1984). See

-3-

Declaration of Gino Disimone, etc. filed separately.

Additional "cushion" derives from the fact that an overdue receivable has been collected in the amount of approx. $50,000 and has been deposited in Debtor's DIP account in addition to funds on hand estimated at $65,000.

**Conclusion**: Evidence presented by the Desimone Declaration proves a "reasonable likelihood of success" at hearing.

**Relief Requested:**

1. That the Court issue an Interim Order that Debtor may use cash collateral pending further proceedings.

2. That a hearing be set.

3. For such other Relief as the Court may deem appropriate.

Respectfully submitted this 1st Day of July, 2017.

/s/ Stephen G. Young

-4-