NVB 4001 (Rev. 12/15)

## * * § 362 INFORMATION SHEET * *

BETRA MFG. CO.
DEBTOR

HERITAGE BANK OF NEVADA
MOVANT

BK- 17-50783-btb
CHAPTER: 11

MOTION #:

### Certification of Attempt to Resolve the Matter Without Court Action:

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but movant has been unable to do so.*

Date: JULY 14, 2017      Signature: /s/ Louis M. Bubala III
                                        *Attorney for Movant*

PROPERTY INVOLVED IN THIS MOTION: DEBTOR'S CASH EST. @ $172,000
NOTICE SERVED ON: Debtor(s) ✓ ; Debtor's counsel ✓ ; Trustee ☐ ;
DATE OF SERVICE: 7/14/2017

### MOVING PARTY'S CONTENTIONS:
The EXTENT and PRIORITY of LIENS:

1st HERITAGE - $119,694
2nd NUMEROUS - See Dkt. #19-Amts. UNK
3rd
4th
Other:
Total Encumbrances: UNKNOWN

APPRAISAL of OPINION as to VALUE:
$172,000

### DEBTOR'S CONTENTIONS:
The EXTENT and PRIORITY of LIENS:

1st
2nd
3rd
4th
Other:
Total Encumbrances:

APPRAISAL of OPINION as to VALUE:

### TERMS of MOVANT'S CONTRACT with the DEBTOR(S)::

Amount of Note: $120K
Interest Rate: 7.75%
Duration: Maturity Date: 9/1/2017
Payment per Month: $758.87
Date of Default: N/A
Amount in Arrears: N/A
Date of Notice of Default: N/A
SPECIAL CIRCUMSTANCES:
  Debtor has agreed to pay off the debt from current cash on hand
SUBMITTED BY: Louis M. Bubala III
               Atty for Heritage Bank of NV

### DEBTOR'S OFFER of "ADEQUATE PROTECTION" for MOVANT:

.
.
.
.
.
.
.
.
SPECIAL CIRCUMSTANCES:

SUBMITTED BY:
SIGNATURE:

LOUIS M. BUBALA III, ESQ.
Nevada Bar No. 8974
KAEMPFER CROWELL
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
E-Mail: lbubala@kcnvlaw.com

Attorneys for Heritage Bank of Nevada

*Electronically Filed*
*July 14, 2017*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

In re:

BETRA MFG. CO.,

        Debtor.

Case No.: BK-N-17-50783-btb
Chapter 11

**MOTIONS TO:**

  **(1) DISMISS THE CASE, AND**
  **(2) FOR STAY RELIEF TO USE CASH COLLATERAL**

**Hrg. Date: OST Requested**
**Hrg. Time: OST Requested**

      Debtor Betra Mfg. Co. and Secured Creditor Heritage Bank of Nevada ("Heritage") jointly move to dismiss this case because Debtor has stopped operations. Debtor and Heritage also move for stay relief and approval for Debtor to pay Heritage's secured debt in full. Heritage holds the first priority, perfected security interest in all of Debtor's cash collateral, and Debtor has more than sufficient funds to satisfy Heritage's claim. This motion is supported by the declarations of Debtor's general manager, Eugene DiSimone, and Heritage's vice president, Nathaniel Stehura, which are filed contemporaneously.

      Debtor originally filed a Chapter 11 petition on June 27, 2017 (Dkt. #1). Debtor received interim approval to use cash collateral for three weeks' of payroll (Dkt. #38). Another motion was filed seeking approval to use cash collateral for operational expenses, with hearing a scheduled for

July 14, 2017 (Dkt. #29). Final hearings on both motions were set for July 24, 2017 (Dkt. #32).

Since the initial hearing on Friday, July 7, 2017, Debtor has lost two additional customers. DiSimone Decl. Some of Debtor's employees stated they were seeking work elsewhere based on the company's bankruptcy. *Id.* As a result, Debtor has terminated its worker's compensation coverage and terminated all employees, effective Wednesday, July 12, 2017. *Id.* Debtor also withdrew its pending motions seeking interim and final authority to use cash collateral (Dkt. #39).

Therefore, Debtor and Heritage seek to dismiss this case. 11 U.S.C. § 305(a)(1); § 1112(b)(1). Section 305 permits the Court to dismiss a case "if the interests of creditors and the debtor would be better served by such dismissal." Section 1112 permits the Court to convert or "dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

In both instances, Debtor and Heritage believe dismissal is in the best interests of the debtor, estate and creditors. Debtor has stopped operating. Virtually all, if not all, of its assets are pledged as collateral to secured loans (Dkt. #19, Financing Statements filed with Nevada Secretary of State). Any trustee appointed would not have assets to administer for the benefit of unsecured creditors. The assets simply need to be liquidated for the benefit of secured creditors. Therefore, dismissal is in the best interests of the debtor, estate and creditors.

Contemporaneously, Debtor and Heritage request that the Court modify the stay and approve the use of cash collateral to pay Heritage's secured claim. 11 U.S.C. § 362(d)(1)-(2); 11 U.S.C. § 363(b)(1). As to stay relief, cause exists based on the termination of Debtor's operations. Alternatively, stay relief is warranted because Debtor has no equity in the cash (as it is pledged to pay Heritage's secured debt) and the cash is not necessary for an effective reorganization (since Debtor has stopped operating).

1   As to the use of cash collateral, payment of Heritage's claim is warranted because Heritage is oversecured and payment now will stop the accrual of additional interest and fees.  As of July 13, 2017, Debtor holds $172,424.95 in its accounts with Heritage.  Stehura Decl.  Debtor also owes $119,693.51 to Heritage on a line of credit as of July 12, 2017.  *Id.* at Exhibit 1 (Loan Documents) and Exhibit 2 (Payoff Statement).  Furthermore, Heritage holds the first priority, perfected security interest in Debtor's cash collateral and accounts, as evidenced by the financing statements filed with the Nevada Secretary of State (Dkt. #19).  Heritage is oversecured, and therefore is entitled to receive its accruing interest at the rate of $25.68 per day from July 12, 2017, plus its legal fees in this case in the amount of $5,720.  11 U.S.C. § 506(b).  Stehura Decl. and Exhibit 2 (Payoff statement with per diem interest) and Exhibit 3 (Legal Fees).

Payment of Heritage's debt from the cash collateral will satisfy its debt and remove it from this bankruptcy case.  Payment also will cut off the amount of accruing interest and legal fees on Heritage's oversecured claim.  Debtor's remaining assets will be available to pay off its other creditors.  It is true that after dismissal, Heritage has rights to setoff its debts against Debtor's account balances outside of bankruptcy.  But as a matter of transparency and disclosure, it seeks a court order modifying the stay and approving Debtor's use of cash collateral (already pledged to Heritage) to pay off Heritage's claim.

DATED:  July 14, 2017.

KAEMPFER CROWELL

By:  */s/ Louis M. Bubala III*
Louis M. Bubala III, Esq. (SBN:  8974)
Counsel for Heritage Bank of Nevada.

DATED:  July 14, 2017.

LAW OFFICES OF STEPHEN G. YOUNG

By:  */s/ Stephen G. Young*
Stephen G. Young, Esq. (SBN:  4427)
[Proposed] Counsel for Betra Mfg. Co.

**KAEMPFER CROWELL**
50 West Liberty Street, Suite 700
Reno, Nevada 89501